UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

MELISSA BASTIAN,

                                    Plaintiff,    **ANSWER**

       -against-                     13 Civ. 5972 (ALC)(GWG)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                    Defendant.
------------------------------------------------------------------------------- x

        Defendant **NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE")**,[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the Third Amended Complaint, dated April 24, 2013, ("Complaint") respectfully allege as follows:

        1.        Denies the allegations set forth in paragraph "1," of the Complaint, except admits that plaintiff is employed by the DOE and is assigned to A. Phillip Randolph High School ("Randolph HS").

        2.        Denies the allegations set forth in paragraph "2," of the Complaint.

        3.        Denies the allegations set forth in paragraph "3," of the Complaint, except admits that plaintiff purports to proceed as set forth in this paragraph

        4.        Denies the allegations set forth in paragraph "4," of the Complaint, except admits that venue is proper in the United States District Court, Southern District of New York, and that plaintiff purports to proceed as set forth in this paragraph.

---

[1] Formally, the Board of Education of the City School District of the City of New York.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5," of the Complaint, except admits that plaintiff is employed by the DOE and is assigned to Randolph HS.

6. Denies the allegations set forth in paragraph "6," of the Complaint except admits that venue is proper in the United States District Court, Southern District of New York, and that plaintiff purports to proceed as set forth in this paragraph.

7. Denies the allegations set forth in paragraph "7," of the Complaint, excepts admits that plaintiff began her employment with the DOE in 1984.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8," of the Complaint, excepts admits that plaintiff began her employment with the DOE in 1984.

9. Denies the allegations set forth in paragraph "9," of the Complaint, except admits that plaintiff possessed a School Secretary Day license through at least June 30, 2013.

10. Denies the allegations set forth in paragraph "10," of the Complaint.

11. Denies the allegations set forth in paragraph "11," of the Complaint.

12. Denies the allegations set forth in paragraph "12," of the Complaint, except admits that Henry Rubio was previously the principal of Randolph HS.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13," of the Complaint, except admit that Gilberto Garcia, Daniel Calcano, and Milciades Pepin were previously assigned to Randolph HS.

14. Denies the allegations set forth in paragraph "14," of the Complaint, except admits that Community Associates are employed by the DOE and assigned to Randolph

HS, and respectfully refers the Court to the job description of the title of Community Associate for a complete and accurate statement of their duties and responsibilities.

15. Denies the allegations set forth in paragraph "15," of the Complaint, except admits that Community Associates are employed by the DOE and assigned to Randolph HS.

16. Denies the allegations set forth in paragraph "16," of the Complaint, except admits that plaintiff served as the Pupil Accounting Secretary, and that she was transferred to a different work location within Randolph HS.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17," of the Complaint, except admits that plaintiff served as the Pupil Accounting Secretary.

18. Denies the allegations set forth in paragraph "18," of the Complaint.

19. Denies the allegations set forth in paragraph "19," of the Complaint, except admits that plaintiff served as the Pupil Accounting Secretary, and that she was transferred to a different work location within Randolph HS.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20," of the Complaint, except admits that plaintiff served as the Pupil Accounting Secretary, and that she was transferred to a different work location within Randolph HS.

21. Denies the allegations set forth in paragraph "21," of the Complaint, except admits that plaintiff was awarded a Master of Science in Education degree in May 2009, and majored in Counseling.

22.     Denies the allegations set forth in paragraph "22," of the Complaint, except admits that Randolph HS was previously seeking to fill positions for bilingual school counselors.

23.     Denies the allegations set forth in paragraph "23," of the Complaint.

24.     Denies the allegations set forth in paragraph "24," of the Complaint.

25.     Denies the allegations set forth in paragraph "25," of the Complaint.

26.     Denies the allegations set forth in paragraph "26," of the Complaint, except admits that plaintiff has previously been referred to Chancellor's Regulation A-830, which sets forth the DOE's Anti-Discrimination Policy and establishes an internal review process for employees who wish to file complaints of unlawful discrimination or harassment, or retaliation based on such complaints.

27.     Denies the allegations set forth in paragraph "27," of the Complaint.

28.     Denies the allegations set forth in paragraph "28," of the Complaint, and respectfully refers the Court to the plaintiff's 2009-10 and 2010-11 Annual Professional Performance Reviews for a complete and accurate statement of their contents.

29.     Denies the allegations set forth in paragraph "29," of the Complaint, except admits that David Fanning was appointed to the position of Principal of Randolph HS in December 2011.

30.     Denies the allegations set forth in paragraph "30," of the Complaint, except admits that plaintiff was transferred to a different work location within Randolph HS.

31.     Denies the allegations set forth in paragraph "31," of the Complaint, except admits that Gilberto Garcia has previously played music in his office.

32.     Denies the allegations set forth in paragraph "32," of the Complaint.

-5-

33. Denies the allegations set forth in paragraph "33," of the Complaint, except admits that plaintiff has previously been referred to Chancellor's Regulation A-830, which sets forth the DOE's Anti-Discrimination Policy and establishes an internal review process for employees who wish to file complaints of unlawful discrimination or harassment, or retaliation based on such complaints.

34. Denies the allegations set forth in paragraph "34," of the Complaint, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

35. Denies the allegations set forth in paragraph "35," of the Complaint, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

36. Denies the allegations set forth in paragraph "36," of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37," of the Complaint.

38. Denies the allegations set forth in paragraph "38," of the Complaint, except admits that Altagracia Ramirez and Ezequiel Perez were appointed as guidance counselors to Randolph HS.

39. Denies the allegations set forth in paragraph "39," of the Complaint, except admits that Altagracia Ramirez and Ezequiel Perez were appointed as bilingual guidance counselors to Randolph HS while Henry Rubio was Principal of Randolph HS.

40. Denies the allegations set forth in paragraph "40," of the Complaint, except admits that Lauren Porzelt and Ingrid Paulino were appointed as guidance counselors.

41. Denies the allegations set forth in paragraph "41," of the Complaint.

42. Denies the allegations set forth in paragraph "42," of the Complaint.

43. Denies the allegations set forth in paragraph "43," of the Complaint, except admits that databases exist for job postings within the DOE.

44. Denies the allegations set forth in paragraph "44," of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45," of the Complaint.

46. Denies the allegations set forth in paragraph "46," of the Complaint.

47. Denies the allegations set forth in paragraph "47," of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48," of the Complaint.

49. Denies the allegations set forth in paragraph "49," of the Complaint, except admits that a posting for Altagracia Ramirez's guidance counselor position was posted in error, and that there was no open guidance counselor position at that time.

50. Denies the allegations set forth in paragraph "50," of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51," of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52," of the Complaint.

53. Denies the allegations set forth in paragraph "53," of the Complaint, except admits that a posting for Altagracia Ramirez's guidance counselor position was posted in error, and that there was no open guidance counselor position at that time.

54. Denies the allegations set forth in paragraph "54," of the Complaint, except admits that a posting for Altagracia Ramirez's guidance counselor position was posted in error, and that there was no open guidance counselor position at that time.

55. Denies the allegations set forth in paragraph "55," of the Complaint.

56. Denies the allegations set forth in paragraph "56," of the Complaint.

### AS AND FOR A FIRST DEFENSE

57. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

58. The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A THIRD DEFENSE

59. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

### AS AND FOR A FOURTH DEFENSE

60. Defendant had legitimate business reasons for any decisions made with respect to plaintiff's employment that were not discriminatory or retaliatory in any respect.

### AS AND FOR A SIXTH DEFENSE

61. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

### AS AND FOR A SEVENTH DEFENSE

62. The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## AS AND FOR A EIGHTH DEFENSE

63. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A NINTH DEFENSE

64. At all times relevant to the Complaint, defendant acted reasonably, lawfully, and in good faith, without malice, in accordance with the Constitution and laws of the United States and the State of New York, the Charter and laws of the City of New York, and all applicable laws, by-laws, rules and regulations and was neither arbitrary nor capricious

## **CONCLUSION**

**WHEREFORE**, defendant respectfully requests that the Complaint be dismissed in its entirety, that the relief requested in the Complaint be denied in all respects, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          December 17, 2013

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                         City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-144
                                        New York, New York 10007-2601
                                        (212) 356-2473
                                        acollyer@law.nyc.gov


                                By:           /s/
                                        Adam E. Collyer
                                        Assistant Corporation Counsel



To:   **STEVEN A. MORELLI P.C.**
      Attorneys for Plaintiff
      1461 Franklin Avenue
      Garden City, NY 11530
      (By ECF)