UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MELISSA BASTIAN,                                    13-CV-5972(ALC) (GWG)

          Plaintiff,

- against -

NEW YORK CITY DEPARTMENT
OF EDUCATION,

          Defendant.
------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 1-7-14

## ~~PROPOSED~~ SCHEDULING ORDER

Pursuant to Your Honor's Individual Rules, and Rule 26(f) of the Federal Rules of Civil Procedure, the parties have conferred and submit the following report:

1. The Initial Pre-trial Conference was originally scheduled for January 2, 2014, and later rescheduled to January 6, 2014. The attorneys for each party are as follows:

   | Plaintiff – Melissa Bastian | Defendant – NYC DOE |
   |---|---|
   | Joshua Beldner, Esq. | Adam E. Collyer, Esq. |
   | The Law Office of Steven A. Morelli, P.C. | New York City Law Department |
   | 1461 Franklin Avenue | 100 Church Street, Room 2-144 |
   | Garden City, NY 11530 | New York, NY, 10007 |
   | (516) 393-9151 | (212) 356-2473 |

2. The issues presented in this case are as follows: (1) whether Defendant discriminated against Plaintiff on the basis of her African American race, in violation of 42 U.S.C. § 1981 and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983; and (2) whether Defendant subjected Plaintiff to a hostile work environment on the basis of her African American race, in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

3. a) The ~~proposed~~ deadline to amend the pleadings or join other parties is January 31, 2014.

   b) The ~~proposed~~ deadline for exchange of interrogatories and document requests is ~~February 7, 2014.~~ January 17, 2014

1

    c)    The parties expect that the following individuals will be deposed: (1) Melissa Bastian; (2) David Fanning; (3) Henry Rubio; and (4) Gilberto Garcia. The parties propose that depositions of all individuals be completed within 45 days following the completion of all written discovery.

    d)    ~~The parties propose that~~ All non-expert discovery *shall* be completed by May 2, 2014.

    e)    ~~The parties propose that~~ All disclosures (*shall*) of the identities and reports of experts required by Rule 26(a)(2) be completed by ~~May 30, 2014.~~ *March 14, 2014. Any response due by April 14, 2014.*

    f)    ~~The parties propose that~~ depositions of all experts (*shall*) be completed by ~~June 30, 2014.~~ *May 2, 2014.*

    g)    *Any request for a premotion conference to a summary judgment* ~~The parties request that any and all pre-trial motions be submitted by July 31, 2014.~~ *motion shall be made by May 2, 2014, to Judge Carter.*

    The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing, or other requirements for dispositive motions.

4.    The parties are not requesting any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

5.    The parties have discussed the general scope and nature of discovery in this case, and do not anticipate encountering any problems. Specifically, the parties agree that all documents contained in Plaintiff's personnel file, including memoranda, correspondence, notes, journals, and performance evaluations will be exchanged. The parties also agree that Plaintiff will provide HIPAA authorizations for any physical or emotional damages Plaintiff claims to have suffered as a result of Defendant's actions in this case.

6.    The parties do not at this time anticipate the use of expert evidence. However, if such expert evidence is to be conducted, the parties anticipate that such expert evidence will be limited to Plaintiff's emotional and psychological damages.

7.    Plaintiff has requested a jury trial in this case. Plaintiff anticipates needing 5 days for trial. Defendant anticipates needing 5 days for trial.

8.    The parties agree that it would be most advantageous to engage in settlement discussions after the close of fact discovery. Additionally, the parties will engage in settlement negotiations with a mediator assigned from the SDNY Mediation program.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good Cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: New York, NY
January 6, 2014

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge